UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EVELYN CARDONA CRUZ | : | |
| | : | |
| VS. | : | C.A. NO.: 05-336S |
| | : | |
| BLOCK ISLAND PARASAIL, INC. | : | |

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**
**PURSUANT TO RULE 12(b)(1)**

Now comes the defendant, Block Island Parasail, Inc., and respectfully requests that this Honorable Court dismiss the plaintiff's claim against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. As grounds therefor, defendant states that this Court lacks subject matter jurisdiction because the claim does not meet the monetary minimum required for federal diversity jurisdiction. In further support hereof, the defendant relies upon the attached memorandum of law in support of its motion to dismiss.

By its Attorney,

Kevin J. Holley #4639
GUNNING & LAFAZIA, INC.
56 Pine Street
Providence, RI 02903
(401) 521-6900
Fax: (401) 521-6901
Direct Dial: (401) 521-2622

CERTIFICATION

I hereby certify that I mailed a copy of the within motion to Stephen G. Linder, Esq., 155 South Main Street, Suite 303 Providence, RI 02903-2963, and David J. Berg, Esq., Latti & Anderson, LLP, 30-31 Union Wharf, Boston, MA 02109, on this 8th day of September, 2005.

Dawn Clarke

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EVELYN CARDONA CRUZ :
:
VS. : C.A. NO.: 05-336S
:
BLOCK ISLAND PARASAIL, INC. :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(b)(1)**

The plaintiff brings her claim in this Court based on the diversity of citizenship between herself, a resident of Connecticut, and the defendant, a corporation registered in Rhode Island. Accordingly, the amount in controversy must exceed $75,000. 28 U.S.C. 1332(a). Defendant contests the plaintiff's claim that her case exceeds the $75,000 jurisdictional minimum and, therefore, this Court lacks subject matter jurisdiction.

FACTS

The plaintiff claims that on August 10, 2002, she was riding as a passenger on a "banana boat" owned and operated by the defendant when she fell off into the water of Rhode Island Sound and received personal injuries. She has alleged in her complaint, as she must, that the "matter in controversy exceeds the sum or value of $75,000." More specifically, she concludes her complaint by stating that she is entitled to a judgment in the amount of $1,000,000.00 (one million dollars).

LEGAL ARGUMENT

"Normally, a jurisdictional amount requirement is met by the good faith allegation of the plaintiff. 'But when defendant challenges that amount, plaintiff has the burden of demonstrating

the amount.' To overcome this burden, plaintiff must establish his allegations with competent proof. 'No presumption of truthfulness attaches to the allegations.'" D'Amato v. Rhode Island Hospital Trust National Bank, 772 F.Supp. 1322, 1324 (D.R.I. 1991) (citations omitted). "If [the plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate matter, he must support them by competent proof." Id. (citations omitted).

Upon information and belief, the plaintiff claims medical expenses of approximately $11,400 and lost wages of approximately $2,800. She apparently will allege that she missed just under one month of work as a result of her injuries and she required a right knee arthroscopic surgery to improve her condition. The defendant respectfully submits that these alleged injuries and damages, "to a legal certainty," do not exceed the $75,000 jurisdictional minimum.

CONCLUSION

For the above-stated reasons, the defendant respectfully requests that this Honorable Court dismiss the plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the plaintiff's claim does not exceed the jurisdictional minimum of $75,000.

Respectfully submitted,

Kevin J. Holley #4639
GUNNING & LAFAZIA, INC.
56 Pine Street
Providence, RI 02903
(401) 521-6900
Fax: (401) 521-6901
Direct Dial: (401) 521-2622