UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EVELYN CARDONA CRUZ | : | |
| | : | |
| VS. | : | C.A. No.: 05-3368S |
| | : | |
| BLOCK ISLAND PARASAIL, INC. | : | |

**DECISION**

The above-entitled matter was arbitrated by the parties on July 7, 2006. The evidence presented during the course of the arbitration hearing consisted of the testimony of Mr. and Mrs. Cruz plus the introduction of documentary evidence concerning injuries alleged to have been sustained by Mrs. Cruz and the resulting medical treatment. An Affidavit was also submitted by the defendant purporting to be of a witness with some knowledge of the incident that forms the basis for the plaintiff's complaint. In arriving at my decision, no consideration was given to the Affidavit.

Mr. and Mrs. Cruz were on vacation in August of 2002 and during that vacation decided to pay a visit to Block Island. They took the ferry from the mainland, presumably Point Judith, and traveled to Block Island. After spending some time touring the island on rented mopeds, they became aware of so-called banana boat rides that were being offered by the defendant and decided to participate.

Mr. and Mrs. Cruz became aware of a booth that was selling tickets for the so-called banana boat ride. At the booth, according to their testimony there was a picture or pictures displayed depicting the banana boat. They both maintained that there were no written directions, instructions or descriptions concerning the ride. The picture of the banana boat, as described by the plaintiffs, showed a raft-like device (raft was a description used by Mr. Cruz) on which people were sitting on two pontoon-like portions of the raft with their feet in the water. The participants all are depicted wearing life jackets.

After purchasing tickets for the ride, Mr. and Mrs. Cruz were directed by the individual selling the tickets to pick up and put on a life jacket and to await the return of the boat for their ride. During the waiting period they did observe the ride ahead of them going out. They actually observed what was depicted in the photographs at the booth where they purchased their tickets. What they observed again were individuals sitting on these yellow pontoon-type devices with life jackets on and their feet in the water. They also observed a ride come back into port before they left. They each agreed that the people who got off the ride were all wet.

Before getting on the banana boat ride Mr. and Mrs. Cruz had a conversation with an individual that they described as a little boy. Mrs. Cruz asked him what the ride was like and according to her his response was that it could get a little bumpy. When their turn came, they went down to the dock where the banana boat was located and took their positions. Mr. Cruz testified that the captain of the boat gave instructions about holding on to a handle that was in front of each sitting position on the banana boat. Mrs. Cruz did not recall any such instructions.

When Mr. and Mrs. Cruz and the other participants on the ride were in place, the tow boat started out of the harbor towing the banana boat. The ride initially proceeded slowly while in the harbor and apparently once out of the harbor and into the ocean the ride picked up speed. The ride was described as the boat towing the banana boat making sharp turns and pulling the banana boat over the waves.

During the course of their ride, Mrs. Cruz and the other people sitting on the side of the banana boat with her and her husband were thrown off into the water. When this occurred, the tow boat pulling the banana boat circled around and brought the banana boat back adjacent to where the individuals were in the water so that they could resume their positions on the banana boat. Mrs. Cruz and all the other participants on the ride that had fallen did so. The ride then resumed and Mrs. Cruz and the other members on the same side of the banana boat fell off a second time. After falling a second time, Mrs. Cruz and the other participants again resumed

their position to continue on the ride. Mrs. Cruz testified that she was OK with getting back on the ride after her first and second falls except that she was a little more concerned about the ride having had that experience. She further testified that the only reason she did not get back on the ride the third time was the injury that she sustained to her knee.

Mr. Cruz supported his wife's testimony with regard to their travel to Block Island and the procedures followed leading up to taking the banana boat ride. He also testified that after his wife fell the third time and was injured she was taken onto the tow boat and he went back to the banana boat and finished out the ride. He indicated that he had a great time and enjoyed the ride very much. After falling off the banana boat ride twice, Mrs. Cruz did not ask to get off the ride and into the tow boat.

The evidence does not disclose any negligence on the part of the defendant in the operation of this ride. The only possible basis for establishing a duty and the breach of that duty would be the failure of the defendant to warn Mrs. Cruz and her husband regarding the nature of the banana boat ride and the risks associated with it. The plaintiffs argued that they were neophytes with regard to boats and water sports and that they had no idea with regard to the risks associated with this ride. The defendant argues that the risks, if they can be characterized as that, were either open and obvious to the plaintiff or in the alternative that the plaintiffs were fully aware of all the risks associated with this ride prior to Mrs. Cruz's injury by virtue of their own experience on the ride, particularly during the course of two falls that occurred prior to Mrs. Cruz's injury.

A defendant such as Block Island Parasail that is providing this type of ride does have a duty to warn customers regarding risks of the ride about which they are not aware. That duty, however, is abrogated by risks that are open and obvious. If a risk of an activity is open and obvious, the defendant has no duty and having no duty obviously cannot be charged with a breach.

The facts presented during the hearing that are pertinent are the following. Mrs. and Mrs. Cruz had taken a ferry over the open ocean from the mainland to Block Island a short period of time prior to commencing this banana boat ride. Obviously, during that ride they would have encountered the waves that are present in the ocean. Before commencing the banana boat ride they saw a picture depicting individuals sitting on this raft-like device consisting of two major pontoons with life jackets on and their feet in the water. They saw individuals return from an earlier ride who were all wet. During the ride that they took on the banana boat prior to Mrs. Cruz's injury, they were each thrown off the banana boat, into the water, on two occasions and voluntarily resumed their positions.

By the time Mr. and Mrs. Cruz fell off the banana boat on the second occasion, they were fully aware of the risks of riding on this type of device. They were aware by actual experience. At the time immediately following the second fall, there was no risk about this ride that was not open and obvious to them. While neither of them had sustained an injury during either of the first two falls, it is common knowledge that during a fall off any type of device an injury might occur. Their actual experience on the ride and the resulting falls prior to Mrs. Cruz's injury abrogate any duty on the part of the defendant to warn regarding the risks and/or nature of the ride that they were taking. They had experienced the ride themselves. They had experienced the tow boat going at higher speeds. They had experienced the tow boat making sharp turns and pulling the banana boat across the waves. They had experienced falling into the ocean at more than a slow speed. This actual experience is clearly determinative on the issue of whether the risks or dangers of this ride were open and obvious to Mr. and Mrs. Cruz prior to her injury.

Even if one were to assume that the risks were not open and obvious any obligation on the part of the defendant to provide reasonable information regarding the nature of the ride and the risks associated with it were satisfied by the actual experience of Mr. and Mrs. Cruz prior to the time of her injury. If one were to say that their experience did not create a situation where

the risks were open and obvious, it certainly provided them with all the information that any defendant could reasonably impart to someone participating in this ride. In either event, whether there was no duty because the risks of the ride were open and obvious based on their experience, or whether the duty was satisfied by the experience of the Cruz's prior to Mrs. Cruz's injury, the plaintiffs have failed to satisfy their burden of proof of establishing liability on the part of the defendant.

Based on the foregoing, it is the decision of the arbitrator that an award be entered for the defendant.

Paul V. Reynolds
Arbitrator

Dated: July 11, 2006