UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EVELYN CARDONA CRUZ,<br>Plaintiff | ) | |
| | ) | Civil Action |
| V. | ) | |
| | ) | No. C.A. 05-336-S |
| BLOCK ISLAND PARASAIL, INC.,<br>Defendant | ) | |

PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

NOW COMES the Plaintiff, and states as follows:

1. By Order dated August 24, 2006, the Court entered judgment in favor of the Defendant because no demand for trial de novo was made within 30 days of the filing of an arbitrator's award. The Clerk apparently applied paragraph X (Arbitrators), subparagraph R, of the Court's Alternative Dispute Resolution Plan, which requires a party to file a demand for trial de novo in order to avoid a judgment for the adversary after an adverse award from an arbitrator.

2. The Plaintiff moves to vacate the judgment pursuant to Fed.R.Civ.P. 59(e) because the Court should not have entered judgment for the Defendant in this case. The parties' arbitration was voluntary and by agreement. Because this case had never been referred to an arbitrator pursuant to an Order of Referral, the arbitration was not conducted under the auspices of the Court's ADR Plan. Accordingly, the Plaintiff had no obligation to comply with the Court's ADR Plan regarding a demand for trial de novo following an adverse arbitration award.

3. For the reasons stated more fully in the accompanying Memorandum of Law, the Plaintiff seeks to have the Court rectify its own mistake, White v. New Hampshire Department of Employment Security, 455 U.S. 445, 450, 102 S.Ct. 1162, 1166 (1982); FDIC v. World University, Inc., 978 F.2d 10, 16 n. 7 (1st Cir. 1992) (citations omitted), and vacate the judgment

entered for the Defendant in order to avoid manifest injustice to the Plaintiff. Surcco v. Prasa, 157 F. Supp. 2d 160, 171 (D.P.R. 2001).

WHEREFORE, the Plaintiff respectfully requests:

A. That the Plaintiff's Motion to Alter or Amend the Judgment be allowed;

B. That the Judgment for the Defendant entered August 24, 2006, be vacated; and

C. That this case be restored to the docket.

Evelyn Cardona Cruz
By her Attorneys,

/s/ Stephen G. Linder
Stephen G. Linder (#0696)
LAW OFFICE OF STEPHEN G. LINDER
155 South Main Street, Suite 303
Providence, RI 02903
401-521-6800

/s/ David J. Berg
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record. The document is available for viewing and downloading through the ECF system.

/s/ David J. Berg
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: August 29, 2006