UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EVELYN CARDONA CRUZ | : | |
| | : | |
| VS. | : | C.A. NO.: 05-336S |
| | : | |
| BLOCK ISLAND PARASAIL, INC. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

## I. FACTS

On or about April 13, 2006, counsel for defendant received the pre-trial notice in this matter which required, inter alia, that the parties address potential referral to the ADR program. Defense counsel felt that the most appropriate option would be non-binding arbitration and felt that an arbitrator that was familiar to defense counsel would be the best option. As such, on May 18, 2006, defense counsel faxed plaintiff's attorneys a summary of positions on the relevant issues to be addressed at the pre-trial conference, most notably, ADR, in which defense counsel stated, "Of the ADR options, I believe the court-annexed arbitration option would probably be the most beneficial for this case." See Exhibit 1.

Contemporaneously with the May 18, 2006 fax, defense counsel called attorney Stephen Linder, one of the plaintiff's counsel, and advised that the most attractive option was court-annexed arbitration but that he would prefer to agree on an arbitrator that each of them had experience with as opposed to going through the Federal Court's list. Thereafter, defense counsel dictated the May 18, 2006 cover page suggesting that they agree before the conference to "a potential court-annexed arbitrator." See Exhibit 2. The attorneys agreed that Paul Reynolds would be an acceptable arbitrator if the court approved. See Exhibit 3.

Defense counsel's recollection of the Rule 16 conference held before Judge Smith on May 24, 2006 is that the Court allowed the use of Mr. Reynolds, but the Court reminded the parties that should the arbitration not resolve the case, the parties would still be required to go forward with the "mandatory settlement conference" portion of the Court's ADR program. See Exhibit 3.

On June 13, 2006, Attorney Reynolds forwarded correspondence to Mr. Mitchell, with a copy to defense counsel **and** plaintiff's counsel, (contrary to the negative statement in the plaintiff's memorandum) that Mr. Reynolds had been selected as the non-binding arbitrator and the hearing was scheduled to take place on July 7, 2006. See Exhibit 4. At the arbitration hearing, the arbitrator, Paul Reynolds, advised that he was submitting his decision to Mr. Mitchell. See Exhibit 3.

On July 11, 2006, the arbitrator sent correspondence to the plaintiff's attorneys and defense counsel confirming that he was sending the decision to Mr. Mitchell. See Exhibit 5. The arbitrator then concluded the correspondence to the parties by stating, "I do not know what the procedures, if any, you need to engage in with regard to the Court concerning my decision." See Exhibit 5.

## II. THE JUDGMENT FOR THE DEFENDANT WAS NOT A MISTAKE BY THE COURT AND SHOULD REMAIN

The case was submitted under the Court's ADR program through the non-binding, court-annexed arbitration procedure. The parties had discussed potential arbitrators ahead of time so that they could have a more meaningful conference with the judge. Obviously, the non-binding arbitration was voluntary as the only mandatory option is the Court's mandatory settlement conference. The only written confirmation memorializing the type of arbitration chosen is Exhibits A and B showing that defense counsel was requesting the court-annexed option under the ADR program.

As the written documentation concerning the status of the arbitration confirms that it was the ADR option for court-annexed, non-binding arbitration, the ADR procedures were required to be followed by the plaintiffs. As the plaintiffs have failed to file a request for a trial de novo within 30 days as required under the rules, judgment properly entered for defendant.

Respectfully submitted,

/s/ Kevin J. Holley
Kevin J. Holley #4639
GUNNING & LAFAZIA, INC.
56 Pine Street
Providence, RI 02903
Direct Dial: (401) 521-2622
Fax: (401) 521-6901