UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EVELYN CARDONA CRUZ | : | |
| | : | |
| VS. | : | C.A. NO.: 05-336S |
| | : | |
| BLOCK ISLAND PARASAIL, INC. | : | |

**AFFIDAVIT**

I, Kevin J. Holley, hereby under oath depose and say:

1. I am an attorney in good standing with the United States District Court for the District of Rhode Island.

2. In anticipation of a pre-trial conference to be held in the instant matter, I contacted Attorney Stephen Linder, who represents the plaintiff, and informed him that I felt the Court's ADR option of court-annexed, non-binding arbitration was probably the best fit for this case which I viewed as more of a "run of the mill" personal injury claim as opposed to a true admiralty claim. As such, I advised Mr. Linder that we would be better served with one of the arbitrators that we both have used over the years in the state court's mandatory non-binding arbitration program so that we were comfortable that the attorney who hears the arbitration will have had experience in valuing this type of personal injury claim. Mr. Linder was generally in agreement with me and provided me with three names of proposed arbitrators, of which I eventually informed him that Paul Reynolds would be acceptable provided the Court agreed.

3. At the arbitration hearing itself, the arbitrator, Paul Reynolds, advised everyone present that pursuant to a telephone request from Mr. Berry Mitchell, he would be sending his written decision to the ADR office.

4. I was present at the Rule 16 conference held with Judge Smith on May 24, 2006. It is my recollection that we advised the Court that we did want to use the court-annexed arbitration program and we had already agreed on Paul Reynolds and would like to use him even if he was not on the Court's list of neutral arbitrators. I recall the Court advising us that we could use Mr. Reynolds but that if the case did not resolve through his efforts, we would still be required to attend a "mandatory settlement conference" pursuant to the ADR rules. As such, it has always been my understanding that the arbitration was being entered into pursuant to the Court's ADR court-annexed, non-binding arbitration program.

/s/ Kevin J. Holley
KEVIN J. HOLLEY

Subscribed and sworn to before me on this 13th day of September, 2006.

/s/ Thomas J. Cronin
NOTARY PUBLIC

**EXHIBIT 3**